

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. ED CV 13-0147 DOC (OPx)  Date: March 5, 2013

Title: MARTINGALE INVESTMENTS LLC V. ARTURO MIRANDA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                NONE PRESENT

PROCEEDING (IN CHAMBERS): **GRANTING UNOPPOSED MOTION TO REMAND (DKT. 7)**

Before the Court is Defendant's Motion to Remand Case to Riverside Superior Court (Dkt. 7). Plaintiff has not filed any Opposition and one was due February 25, 2013. Local Rule 7-9. Further, this is the second time Plaintiff has removed an unlawful detainer action and failed to oppose a Motion to Remand. Order Granting Unopposed Motion to Remand (Dkt. 6), *Martingale Investments LLC v. Arturo Miranda et al.*, ED CV 12-2214-DOC-(OPx).

This Motion to Remand is granted on the merits, as the state court action is for unlawful detainer, an action brought under state law between citizens of the same state that does not raise federal question jurisdiction. *Deanann Trust No 14141 Southland Homes Real Estate and Investment v. Esteban Banos et al.*, CV-12-1083-DOC-MLGx (C.D. Cal. July 20, 2012); *Aurora Loan Servs., LLC v. De La Rosa*, 2011 U.S. Dist. LEXIS 69217 (C.D. Cal. June 27, 2011) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Indymac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 U.S. Dist. LEXIS 8421, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (same); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660, 2009 U.S. Dist. LEXIS 94996, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

To the extent Defendants assert federal question jurisdiction based on their defenses, this argument is unavailing because "[t]he presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (U.S. 1987).

Finally, Defendants assert that their removal was timely under 28 U.S.C. § 1446(b), Notice of Removal 1, but offer no explanation as to how this could be true. The case was removed January 24, 2013, based on a complaint and summons filed on November 20, 2012. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

Thus, both bases outlined above (because Defendants failed to oppose, Local Rule 7-12, and because they do not state a valid reason to remove) support the same outcome: the Court hereby REMANDS this case to Riverside Superior Court.

The Court declines, at this time, to issue sanctions against Defendants for improper removal. If Defendants do remove this unlawful detainer action again without a sound basis to do so---and from the discussion above, it does not appear there can be a sound basis for removal---then the Court is inclined to award Plaintiff attorneys' fees.

The hearing set for March 18, 2013, is removed from the calendar.

The Clerk shall serve this minute order on all parties to the action.